The opinion of the court was delivered by
McEnery, J.
This case was on appeal to this court, and the judgment of the lower court affirmed. 45 An.
The parties in the judgment were referred to a notary to effect a partition between them of the proceeds of the property ordered to *1483 be sold. The rights and interests oí the parties were fixed by the judgment.
While proceeding to effect the partition the parties disagreed as to their interpretation of the judgment which had been rendered by the Civil District Court and affirmed on appeal. In the process verbal of the notary it is stated, “ And thereupon the said Robert Murphy did call upon the said William E. Murphy to furnish a statement of the rents and revenues of said property on Marais street, and of the disbursements attending the administration thereof since 1st January, 1880; and the said Wm. E. Murphy declared that he is unable at present to furnish the said statement, and the ■said Wm. E. Murphy did thereupon present a statement of costs and charges in said suit of Murphy vs. Murphy which includes the ■charges of §340, the costs of appeal in said suit, to which item the ■said Robert Murphy objects, as he declares.
“And the said Wm. E. Murphy further declared that under his interpretation of the judgment aforesaid all the costs of said suit are to be paid by the mass, and that before a partition is made the said costs are to be reimbursed to the parties respectively; that the proceeds of sale of said property on Marais street are to be partitioned between Robert Murphy and Miss Oitye Ann Murphy, to whom the said property had been donated; that the said donation is annulled by said judgment in only so far as the rights of said Robert Murphy are concerned, and that the said Wm. Murphy has personally no interest whatever in the proceeds of sale.
“ And the said Robert Murphy denying that the said Miss O. A. Murphy has any interest whatever in the present partition, as he declares, and the parties hereto being unable to agree on account -of the contestations arising concerning the pretensions set up by them respectively, I, the said notary, have suspended these proceedings, and do hereby refer the said parties herein to the court having jurisdiction.”
Plaintiff suggested to the court the process verbal of the notary •appointed to effect the partition under the judgment and referred to that part of it above quoted. The court ordered that Wm. E. Murphy show cause why the contention of plaintiff in said partition proceedings should not be complied with. The rule was tried, and the ■court ordered a statement and account of rent and revenues, and of ■disbursements attending the administration of the property from 1st *1484 January, 1880, within fifteen days from 7th August, 1893, and ordered that the costs of appeal from the judgment ordering the partition and fixing the rights of the parties on the property, and its proceeds should be paid out.of the mass; and that as Miss O. A. Murphy was a party defendant in the partition suit, the donation to her by defendant, W. E. Murphy, was annulled only so far as it purported to affect the right of Robert Murphy as owner of one-half of the property. As to the other one-half interest in the property it is no concern of Robert Murphy or of the court in what manner Wm. E. Murphy, donor, and Miss Murphy, donee, may act.
The plaintiff appealed from this order.
From the above statement of the proceedings in the act of partition, it appears that the court was carrying into execution a final judgment rendered by it. In the course of its execution it placed an interpretation upon it which we can not, under the present stage of the proceedings, notice. No appeal can be taken from the original judgment, as it has once been on appeal and has been affirmed. No appeal can therefore be taken from an interlocutory order carrying into effect this final judgment. 30 An. 229, State ex rel. Elder vs. Judge; 27 An. 708, Whan vs. Irwin; Brodie vs. Executor, 30 An. 177; State ex rel. Remington Paper Co. vs. Judge, 46 An. (just decided).
The respective rights of the parties had been determined by a final judgment, and they can not come here by a second appeal and have the same judgment reviewed. It must be executed according to its terms. If ambiguous, it ought to have been remedied by the appeal. In the instant case there is no room for a doubtful interpretation of the judgment, and the proceedings instituted by plaintiff in his opposition to its execution in the partition proceedings is, in effect, an attack on the judgment of partition, which is not allowed in the proceedings before the notary, who is the ministerial officer of the court. Traverso et als. vs. Row, 11 L. 498.
We have no power over the final judgment, and we can only take notice of the mode of the partition under it when brought to our attention in a proper proceeding. 11 L. 498.
The appeal is dismissed.